IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MOHAMED JALLOH,

      Plaintiff,

v.

MARKWAYNE MULLIN,
Secretary, U.S. Department of
Homeland Security, JOSEPH B.
EDLOW, Director, United States
Citizenship and Immigration
Services, and UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Defendants.

CIVIL ACTION FILE

NO. 1:26-CV-3984-MHC

## ORDER

Plaintiff Mohamed Jalloh initiated this action by filing a Motion for Temporary Restraining Order and Preliminary Injunction ("Mot. for TRO") [Doc. 1], which was docketed as a complaint.

Plaintiff's attempt to initiate an action in this Court by filing a Motion for TRO is improper. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Federal Rule of Civil Procedure 8(a) requires that a pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. Rule 8(a). The Motion for TRO contains none of the elements required by Rule 8(a), and therefore, is not a pleading. See Birge v. Delta Air Lines, Inc., 597 F. Supp. 448, 455 (N.D. Ga. 1984) (holding that filing "anything short of a Complaint" that does not comply with Rule 8(a) will not commence an action). "In other words, a motion for injunctive relief is not appropriately used as a vehicle for final relief on the merits." Pollak v. Neal, No. 2:25-CV-585-JLB-NPM, 2025 WL 2573039, at *1 (M.D. Fla. July 30, 2025), appeal dismissed sub nom. Pollak v. Warden, Moore Haven CRF, No. 25-13054-F, 2025 WL 3532993 (11th Cir. Sept. 24, 2025).

Without a complaint, the Court lacks subject matter jurisdiction over this matter. See Romero v. FCI Marianna Health Serv. Adm'r, No. 5:21-CV-145-TKW-MJF, 2021 WL 3728268, at *1 (N.D. Fla. July 29, 2021), R&R adopted, No. 5:21-CV-145-TKW-MJF, 2021 WL 3726739 (N.D. Fla. Aug. 23, 2021) ("Because Plaintiff has not filed a complaint, there is no case or controversy to be heard, and

2

any decision that the District Court might render would be advisory.  The District Court, therefore, lacks jurisdiction to consider Plaintiff's request for a preliminary injunction."); Dotson v. Fla. Dep't of Corr., No. 25-CV-22349, 2025 WL 1517215, at *2 (S.D. Fla. May 28, 2025) ("Because Plaintiff has not filed a formal complaint, the Court lacks subject matter jurisdiction over this action, and summary dismissal is warranted.").  The Court also notes that injunctive relief is unavailable without an underlying Complaint.  See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint."); Hencey v. United Airlines, Inc., No. 21-61702-CIV, 2021 WL 3634630, at *2 (S.D. Fla. Aug. 17, 2021) ("Without an operative complaint, the Court cannot determine whether Plaintiff [has] a substantial likelihood of success on the merits of any claims.").

Based on the foregoing, it is hereby **ORDERED** that Plaintiff Mohamed Jalloh **SHOW CAUSE IN WRITING** within seven (7) days of the date of this

3

Order why this matter should not be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 17th day of July, 2026.

MARK H. COHEN
United States District Judge